UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
JIMMIE L. WASHINGTON,                : CASE NO. 1:18-CV-01347
:
        Plaintiff,               :
:
vs.                                  : OPINION & ORDER
: [Resolving Doc. No. 1]
CHRIS GERREN, *et al.*,              :
:
        Defendants.              :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Jimmie L. Washington filed this action under 42 U.S.C. § 1983 against Ohio Adult Parole Authority ("OAPA") Fugitive Coordinator Chris Gerren, the United States Prisoner Transport Services, and Arizona Superior Court Judge Michael Bluff. In his Complaint, Plaintiff alleges he was arrested without a warrant signed by a judge and transported across state lines. He claims the Defendants violated his Fourth Amendment rights. He seeks monetary damages.

## I. Background

    In September 2016, Plaintiff was convicted in Summit County, Ohio on charges of attempted felonious assault. He was sentenced to nine months incarceration and a mandatory period of three years post release control. His supervised release included the condition that Washington would not leave the State of Ohio without his parole officer's permission. Before

the expiration of his supervised release, he left the State of Ohio and went to Arizona. On March 7, 2018, Gerren issued a fugitive warrant to an Arizona County Sheriff's Department.

Plaintiff contests the validity of the fugitive warrant, alleging it did not contain the signature of a judge, in violation of Ohio Revised Code § 2921.52, and Ohio Criminal Rule 4. He contends Fugitive Coordinator Garren filed a second warrant with the United States on April 29, 2018. He alleges the United States transported him from Arizona to Ohio. He was found to have violated the terms of his supervised release and was sentenced to an additional nine months incarceration as a post release control sanction. He is currently incarcerated. Plaintiff contends the Defendants deprived him of his constitutional rights in violation of 18 U.S.C. §§ 241 and 242. He also claims the Defendants violated his Fourth Amendment rights by failing to advise him of the grounds for his detainment.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

2

provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5]  When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff. [6]

### III. Analysis

Plaintiff contests the validity of the fugitive warrant claiming it did not contain a judge's signature.  Under Ohio Rev. Code § 2967.15, parole officers may make a warrantless arrest if they have "reasonable cause" to believe that an individual has violated the terms of his supervised release.[7]  The Supreme Court has upheld the validity of this type of regulations.[8]  The fact that Plaintiff was found in Arizona suggests Gerren had reasonable cause to believe Plaintiff Washington violated a term of his supervised release, namely that he not leave the State of Ohio without permission from his parole officer.  Although Fugitive Coordinator Gerren could have arrested Plaintiff without a warrant, Plaintiff indicates he was served with two warrants.  Plaintiff fails to allege facts suggesting the Defendants violated his Fourth Amendment rights.

Plaintiff also claims the Defendants violated his constitutional rights under 18 U.S.C. §§. 241 and 242.  These are criminal statutes.  They do not provide a cause of action to private parties.[9]

---

[4]     *Id.* at  678.
[5]     *Id.*
[6]     *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[7]     *Coleman v. Parra*, 163 F. Supp. 2d 876, 883 (S.D. Ohio 2000)
[8]     *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)(citing the "special need" of states to closely supervise probationers to assure the observance of probation conditions).
[9]     *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008).

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[10]

IT IS SO ORDERED.

Dated: October 3, 2018          *s/ James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[10] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

4